NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
PAUL H. ROCHMES
Assistant United States Attorney
California Bar Number 077928
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2413
    Facsimile: (213) 894-0115
    E-mail: paul.rochmes@usdoj.gov
Attorneys for United States of America



UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

SUK CHANG SONG .

    Defendant.

No. CR 18- SA18CR00153-CJC

PLEA AGREEMENT FOR
DEFENDANT SUK CHANG SONG

1. This constitutes the plea agreement between SUK CHANG SONG ("defendant") and the United States Attorney's Office for the Central District of California ("USAO") in the above-captioned case. This agreement is subject to the approval of the United States Department of Justice Tax Division, and is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2. Defendant agrees to:

    a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to an information in the form attached hereto as

1

Exhibit "A," charging defendant with one count of willfully subscribing to a materially false U.S. Corporation federal income tax return for the 2013 tax year, in violation of 26 U.S.C. § 7206(1).

        b) Not contest the facts agreed to in this agreement.

        c) Abide by all agreements regarding sentencing contained in this agreement.

        d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court orders in this matter.

        e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") §4A1.2(c) are not within the scope of this agreement.

        f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

        g) Pay the applicable special assessment at or before the time of sentencing.

        h) Pay restitution to the United States for the losses caused by defendant's failure to accurately report and fully pay income taxes on all of the income that defendant's corporation, Toothware, Inc. ("Toothware") earned during the 2012 and 2013 tax years (the "Corporate Income Tax Liability"). (Defendant agrees that he caused Toothware not to report $497,660.55 in 2012 and $811,939.79 in 2013, resulting in tax losses of $169,195.00 for 2012 and $276,060.00 for 2013.)

        i) Prior to sentencing, file amended federal and California State income tax returns for 2012 and 2013 that truthfully report all of the income that Toothware earned in those years, and that truthfully report the amount of Toothware's true tax liabilities.

1        j)  Accept, as a condition of supervised release or probation, that: (1)

2  defendant shall file amended individual California and federal income tax returns

3  for 2012 and 2013 that accurately report all of his income and tax liabilities for

4  those years; (2) defendant shall file amended employment tax returns for

5  Toothware for 2012 and 2013 that accurately report all of Toothware's

6  employment and unemployment tax liabilities for those years;  (3) defendant shall

7  retain a third party to perform all accounting, bookkeeping, and tax preparation

8  services for any business that defendant owns or operates; (4) defendant shall  not

9  accept cash payments from the customers or clients or any business that he owns or

10  operates; (5) defendant shall not make any "cash-back" deposits of any checks

11  obtained from clients or customers of any business owned or operated by

12  defendant; and (6) defendant shall timely file accurate federal and state income tax

13  returns for the period of time that he is on supervised release or probation.

14  Defendant further agrees that he will provide proof to the Probation Officer of

15  compliance with all of the aforementioned condition of supervised release or

16  probation.

17      3.  Defendant will not seek the discharge of his restitution obligation, in

18  whole or in part, in any present or future bankruptcy proceeding.

19                 THE USAO'S OBLIGATIONS

20      4.  The USAO agrees to:

21        a) Not contest the facts agreed to in this agreement.

22        b) Abide by all agreements regarding sentencing factors contained in

23  this agreement.

24        c) At the time of sentencing, provided that defendant demonstrates an

25  acceptance of responsibility for the offense up to and including the time of

26  sentencing, to recommend a two-level reduction in the applicable Sentencing

27  Guideline offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if

28

1  necessary, move for an additional one-level reduction if available under that

2  section.

3  d) Recommend that defendant be sentenced to a term of imprisonment

4  no higher than the low end of the applicable Sentencing Guidelines range effective

5  November 1, 2016, provided that the total offense level used by the Court to

6  determine that range is 15 or higher after any adjustment for acceptance of

7  responsibility, and provided that the Court does not depart downward in offense

8  level or criminal history category.  For purposes of this agreement, the low end of

9  the Sentencing Guidelines range is that defined by the Sentencing Table in

10  U.S.S.G. Chapter 5, Part A.

11  e) Not to further criminally prosecute defendant for violations arising

12  out of defendant's conduct described in the agreed-to factual basis set forth below.

13  Defendant understands that the USAO is free to criminally prosecute defendant

14  for any other unlawful past conduct or any unlawful conduct that occurs after the

15  date of this agreement.  Defendant agrees that at the time of sentencing, the Court

16  may consider the uncharged conduct in determining the applicable Sentencing

17  Guidelines range, the propriety and extent of any departure from that range, and

18  the sentence to be imposed after consideration of the Sentencing Guidelines and all

19  other relevant factors under 18 U.S.C. § 3553(a).

20  ## NATURE OF THE OFFENSE

21  5. Defendant understands that for defendant to be guilty of the crime

22  charged in Count 1 of the Information, a violation of Title 26, United States Code,

23  Section 7206(1), the following must be true:

24  a)  defendant made and signed a U.S. Corporation income tax return

25  for the 2013 tax year that he knew contained false information as to a material

26  matter;

27  b)  the return contained a written declaration that it was being signed

28  subject to the penalties of perjury; and

4

1            c) in subscribing to and filing the false return with the IRS, defendant

2  acted willfully.

3  (A defendant acts willfully for purposes of 26 U.S.C. § 7206(1) if he violates a

4  known legal duty.)

5       Defendant admits that he is, in fact, guilty of this offense as charged in

6  Count 1 of the Information.

7  PENALTIES AND RESTITUTION

8       6. Defendant understands that the statutory maximum sentence that the

9  Court can impose for a violation of Title 26, United States Code, Section 7206(1)

10  is: 3 years imprisonment; a 1 year period of supervised release; a fine of

11  $250,000.00 or twice the gross gain or gross loss resulting from the offense,

12  whichever is greatest; and a mandatory special assessment of $100.00.

13       7. Defendant understands and agrees that the Court: (a) may order defendant

14  to pay restitution to the United States for the losses caused to the United States by

15  defendant's subscription to and filing of false U.S. Corporation federal income tax

16  returns (Forms 1120) for Toothware for the tax years 2012 and 2013, and (b) must

17  order defendant to pay the costs of prosecution, which may be in addition to the

18  statutory maximum fine stated above.  As stated in paragraph 2h, defendant agrees

19  to make restitution to the United States for the $445,255 in losses that he admits he

20  willfully caused and intended the United States of America to incur by virtue of his

21  subscription to and filing of false U.S. Corporation income tax returns for 2012 and

22  2013.

23       8. Defendant understands that nothing in this agreement shall preclude, bar,

24  or limit the IRS from examining any federal tax returns of defendant and/or

25  Toothware (including employment tax returns) or making adjustments to any such

26  returns, and/or assessing and collecting any additional tax liabilities, including

27  interest and penalties, determined by the IRS to be due and owing from defendant.

28

5

9. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum as stated above.

10. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands the conviction in this case may subject defendant to various collateral consequences, including but not limited to, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's plea of guilty.

11. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

//

//

1

FACTUAL BASIS

2      12.  Defendant admits that defendant is, in fact, guilty of the offense to

3   which defendant is agreeing to plead guilty.  Defendant and the USAO agree and

4   stipulate to the statement of facts attached hereto as Exhibit "B."   Defendant

5   agrees that this statement of facts is sufficient to support a plea of guilty to the

6   charges described in this agreement and to establish the Sentencing Guidelines

7   factors set forth in the paragraph 15 below.  The statement of facts set forth in

8   Exhibit "B" is not meant to be a complete recitation of all facts relevant to

9   defendant's underlying criminal conduct or all facts known to either party that

10   relate to that conduct.

11

SENTENCING FACTORS

12      13.  The parties agree that for purposes of calculating the base offense level,

13   as set forth below, the applicable tax loss is $445, 255.

14      14.  Defendant understands that in determining defendant's sentence the

15   Court is required to calculate the applicable Sentencing Guidelines range and to

16   consider that range, possible departures under the Sentencing Guidelines, and the

17   other sentencing factors set forth in 18 U.S.C. § 3553(a)(1).  Defendant

18   understands that the Sentencing Guidelines are advisory only, that defendant

19   cannot have any expectation of receiving a sentence within the calculated

20   Sentencing Guidelines range, and that after considering the Sentencing Guidelines

21   and the other § 3553(a) factors, the Court will be free to exercise its discretion to

22   impose any sentence it finds appropriate up to the maximum set by statute for the

23   crime of conviction.

24      15.  Defendant and the USAO agree to the following applicable Sentencing

25   Guidelines factors:

26

27      **Base Offense Level :**          **18**   [U.S.S.G. §§ 2T1.1, 2T4.1]

28

(because the tax loss, before interest and penalties, for criminal purposes, is more than $250,000 and less than $550,000)

**Acceptance of Responsibility:**    **-2**    [U.S.S.G. §3E1.1(a)]

**TOTAL OFFENSE LEVEL:**    **16**

The USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)), resulting in a Total Offense Level of 15, only if the conditions set forth under paragraph 2, above, are met.

Subject to paragraph 16 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed. Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section.

16. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17. Defendant and the USAO agree that defendant may seek a more lenient sentence than the sentence suggested under the Guidelines by arguing the factors listed in 18 U.S.C. § 3553(a)(1)-(7), provided that defendant does not argue that the tax loss is less than $445,255, or argue that he is entitled to an adjustment for acceptance of responsibility or that he has, in fact, accepted responsibility for his criminal conduct, if he has failed to comply with his obligations under paragraph 2 of this agreement. The USAO may oppose those arguments.

## WAIVER OF CONSTITUTIONAL RIGHTS

18. Defendant understands that by pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to be represented by counsel and, if necessary, have the court appoint counsel at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel and, if necessary, to have the Court appoint counsel at every other stage of the proceeding.

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

19. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction of the offense to which defendant is pleading guilty.

//

9

### LIMITED MUTUAL WAIVER OF APPEAL

20. Defendant agrees that, provided that the Court imposes a total term of imprisonment on the count of conviction within or below the range corresponding to a total offense level of 18, before any adjustment for acceptance of responsibility, and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than the sum of the Individual Income Tax Liability, the Corporate Tax Liability and the Employment Tax Liability; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-15, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d);  the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b); and any condition of probation or supervised release agreed to by defendant in paragraph 2, above.

21. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to a total offense level of 15, and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than the sum of the Individual Income Tax Liability, the Corporate Tax Liability

and the Employment Tax Liability; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

22. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any criminal charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

23. This agreement is effective upon signature and execution by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

24. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a

breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this agreement.

25.  Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge or any civil, administrative, or regulatory action that was not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such action.

b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

//

12

## COURT AND PROBATION OFFICE NOT PARTIES

26. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27. Defendant understands and agrees that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not in error, although each party agrees to maintain its views that the calculations in paragraph 14 are consistent with the facts of this case. Although this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one – not the prosecutor, defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

//

## NO ADDITIONAL AGREEMENTS

29.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA
NICOLA T. HANNA
United States Attorney


_____          Date  7/13/18
PAUL H. ROCHMES
Assistant United States Attorney



_____          Date  5/6/2018
SUK CHANG SONG
Defendant


_____          Date  5/16/2018
GARY KUWADA
Attorney for Defendant
SUK CHANG SONG


_____          Date  5/16/2018
RICHARD M. STEINGARD
Attorney for Defendant
SUK CHANG SONG

15

## CERTIFICATION OF DEFENDANT

This agreement, including the statement of facts attached hereto as Exhibit "B," has been read to me, in its entirety, in Korean, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorneys. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorneys, and my attorneys have advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorneys in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

SUK CHANG SONG                    Date  5/16/2018
Defendant

//
//
//
//
//
//
//
//
//

16

## CERTIFICATION OF DEFENDANT'S INTERPRETER

I, ___Hye Jae Kim___, am fluent in written and spoken English and Korean. I accurately translated this entire agreement, including the attached information and attached statement of facts, from English into Korean to defendant SUK CHANG SONG on this date.

_____          5-16-18

Interpreter                                          Date

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

17

## CERTIFICATION OF DEFENDANT'S ATTORNEYS

We are SUK CHANG SONG's attorneys.

This agreement has been read to our client in Korean, the language he understands best. We have carefully and thoroughly discussed every part of this agreement with our client, including the Information attached as Exhibit "A" and the Statement of Facts attached as Exhibit "B." Further, we have fully advised our client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To our knowledge, no promises, inducements, or representations of any kind have been made to our client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; our client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support our client's entry of guilty pleas pursuant to this agreement.


_____          5/16/2018
GARY KUWADA                              Date
Attorney for Defendant
SUK CHANG SONG


_____          5/16/2018
RICHARD M. STEINGARD                     Date
Attorney for Defendant
SUK CHANG SONG


18

**UNITED STATES V. SUK CHANG SONG**
**EXHIBIT A TO PLEA AGREEMENT- INFORMATION**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  vs.<br><br>SUK CHANG SONG,<br><br>           Defendant | No. CR 18-<br><br>I N F O R M A T I O N<br><br>[26 U.S.C. § 7206(1): Willfully<br>Subscribing To False Return] |

The United States Attorney charges:

[26 U.S.C. § 7206(1)]

On or about July 7, 2014, in Orange County, within the Central District of California defendant SUK CHANG SONG, a resident of Buena Park, California, did willfully subscribe to a U.S. Corporation Income Tax Return, Form 1120, for 2013 for Toothware, Inc., which, as defendant knew and intended, was false as to a material matter, in that the return failed to report all of the gross receipts that Tootware, Inc. had received during 2013. More specifically, on line 1a the return stated that Toothware, Inc. had received $395,853 in gross receipts and sales in 2013, whereas, as defendant knew,

//

//

19

Toothware, Inc. had received more than $811,000 in gross receipts and sales in 2013.

NICOLA T. HANNA
United States Attorney


LAWRENCE MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division


PAUL H. ROCHMES
Assistant United States Attorney
Tax Division

20

**UNITED STATES v.  SUK CHANG SONG**
**CASE NO. CR 18--**

**EXHIBIT "B" TO PLEA AGREEMENT**
**STATEMENT OF FACTS**

1.  During 2012 and 2013, defendant Suk Chang Song ("Defendant"), a resident of Buena Park, California,  owned and operated and Toothware, Inc., a California corporation located in Garden Grove, California, that provided laboratory services to dentists, such as the preparation of dental prosthetics and crowns.

2.  Toothware Inc.'s clients paid Toothware, Inc. by check.

3.  Defendant maintained bank accounts for Toothware, Inc. at Bank of America, Unity Bank, and Bank of Hope (formerly BBCN Bank).

4.  Defendant retained an outside accountant to prepare Toothware, Inc.'s U. S. Corporation Income Tax Returns.

5.  Defendant intentionally failed to inform the outside accountant of all of the payments that Toothware, Inc. had received from its clients, and intentionally concealed from the accountant that he frequently cashed client checks, rather than depositing them into Toothware, Inc.'s accounts.  As a result of defendant's failure to inform the accountant of all Toothware, Inc.'s gross receipts, the accountant prepared tax returns for Toothware, Inc. that, as defendant intended, failed to report all of the gross receipts and sales that the corporation had received.

6.  As a result of (1) defendant's practice of cashing, rather than depositing checks that he received from Toothware, Inc.'s clients, and (2) defendant's concealment of the cashed checks from Toothware, Inc.'s accountant, for the tax year 2012 Toothware, Inc.'s U. S. Corporation Income Tax Return (the "2012 Return") failed to report $497,660.55 in gross receipts and sales that defendant had received on Toothware, Inc.'s behalf.

7.  As a result of (1) defendant's practice of cashing, rather than depositing checks that he received from Toothware, Inc.'s clients, and (2) defendant's concealment of the cashed checks from Toothware, Inc.'s accountant, for the tax

1   year 2013 Toothware, Inc.'s U. S. Corporation Income Tax Return (the "2013
2   Return") failed to report $811,939.79 in gross receipts and sales that defendant had
    received on Toothware, Inc.'s behalf.

3
4       8.  On or about July 7, 2014, defendant willfully subscribed to the 2013
    Return under penalty of perjury. At the time that he subscribed to the 2013 Return,
5   defendant knew that the return falsely reported that Toothware, Inc. had received
6   $395, 853 in gross receipts or sales in 2013, when, in fact, as defendant knew,
    Toothware, Inc. had received $1,207,792.79 in gross receipts or sales in 2013.
7
8       9.  On or about July 7, 2014, defendant caused the 2013 Return to be filed with
    the Internal Revenue Service.
9
10      10. Defendant's failure to report all of the gross receipts and sales that
11  Toothware, Inc. received in 2012 and 2013 on the 2012 Return and the 2013
    Return caused the United States to incur a tax loss of $445,255.00.
12
13      11. In subscribing to and causing the filing of the 2013 Return, defendant acted
    willfully, with the specific intention of violating his legal duty to subscribe to and
14  file a federal income tax return that accurately reported all of the gross receipts or
15  sales that Toothware, Inc. had received during 2013.

16
        The foregoing statement of facts has been read to me in Korean, the
17  language I understand best, and I agree that it is accurate.

18
    Date: 5/16 , 2018
19                                          _____
                                            SUK CHANG SONG
20

21

22

23

24

25

26

27

28

                                   22